# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 04-cr-40021-03-MJR |
| ) | |
| ULYSSES WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

## ORDER ON MOTION TO REDUCE SENTENCE

**REAGAN, District Judge:**

In November 2004, Ulysses Williams pleaded guilty to conspiring to distribute cocaine base (in the form commonly referred to as "crack cocaine"), in violation of 21 U.S.C. § 841. In February 2005, United States District Judge James L. Foreman sentenced Williams to 235 months in prison, followed by a 5-year term of supervised release. In February 2008, Williams, *pro se*, filed a motion to reduce sentence under 18 U.S.C. 3582(c)(2), based on Amendment 706 to the U.S. Sentencing Guidelines (Doc. 259). In the wake of *Kimbrough v. United States*, 552 U.S. 85 (2007), Section 3582(c)(2) is the mechanism used to reduced the offense levels applicable to certain crack cocaine offenses).

The undersigned Judge entered an Order advising Williams how his motion would be handled, including the fact that (via Administrative Order 102) the Federal Public Defender's Office would represent Williams on this motion.

On May 31, 2011, Assistant Federal Public Defender ("FPD") Daniel G. Cronin moved to withdraw from representing Defendant Williams herein (see Doc. 298). According to the motion, Mr. Cronin and the FPD's Office have determined that Williams has no meritorious basis for obtaining relief under 18 U.S.C. § 3582(c) and the retroactive amendments to the crack cocaine sentencing guidelines.

This conclusion stems from the fact that when Williams was sentenced, he was found to be a career offender, and career offenders are not eligible for any sentence reduction under Amendment 706, as the United States Court of Appeals for the Seventh Circuit squarely held in *United States v. Forman*, 553 F.3d 585, 588-90 (7th Cir. 2009). So, attorney Cronin (as well as the FPD's Office, and United States Probation Office) can find no non-frivolous ground on which to pursue a sentence reduction on Williams' behalf.

The Court agrees with attorney Cronin's assessment. As a career offender, Williams is ineligible for any reduction under Amendment 706. However, following the passage of the Fair Sentencing Act of 2010, Pub. L. No. 111-120, 124 Stat. 2372 (2010), the United States Sentencing Commission recently promulgated further amendments to the Sentencing Guidelines, bringing the Guidelines into conformity with substantive provisions reducing the criminal penalties for certain crack cocaine offenses. Therefore, Williams' motion for reduction of sentence is denied, but that does not end the issue.

Defendant Williams has now filed a second motion for reduction of his sentence (Doc. 317), based on the newly proposed amendment, Amendment 750. Assuming that Congress agrees with the Commission's recommendations, Amendment 750 will take effect (and can be applied retroactively) on November 1, 2011. Therefore, by separate Order, the Court will appoint the Federal Public Defender to represent Williams relative to his most recent motion for reduction of sentence.

**IT IS THEREFORE ORDERED** that Defendant Williams' *pro se* motion to reduce sentence (Doc. 259) is **DENIED**.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Defendant Ulysses Williams' last address of record and to attorney Cronin.

**IT IS SO ORDERED.**

**DATED: October 13, 2011**

<u>s/ *Michael J. Reagan*</u>
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**